IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. HICKS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-00338-CV-W-BP-SSA |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION AFFIRMING
### COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the following reasons, the Commissioner's decision is **AFFIRMED**.

### I. BACKGROUND

Plaintiff Michael Hicks was born in September 1969, and applied for DIB and SSI on March 21, 2019, alleging that he became disabled on February 14, 2019. (R. at 200, 209.) Prior to his alleged onset date, Plaintiff had work experience as a heavy equipment operator and tractor trailer truck driver. (R. at 53.)

After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff suffers from decreased vision in his right eye, seizures, anxiety disorder, and depressive disorder; most of these health problems emerged after Plaintiff suffered a stroke in February 2019. (R. at 46–47.) The ALJ subsequently found that these problems were not medically equal in severity to one of the listed impairments in 20 C.F.R. Part 404. (R. at 47.)

The ALJ then evaluated Plaintiff's Residual Functional Capacity ("RFC"). She found that, due to Plaintiff's impairments, Plaintiff can perform medium work with the following limitations: he can lift and carry 50 pounds occasionally and 25 pounds frequently; he can stand, walk, or sit six hours per workday; he can perform "routine, repetitive tasks involving simple work-related decisions and simple judgment with only occasional workplace changes"; he must avoid all exposure to hazards; and his eyesight is limited, such that he has occasional near acuity and frequent far acuity, with no accommodation or color vision. (R. at 49.)

After formulating Plaintiff's RFC, the ALJ found that Plaintiff could not perform his past relevant work, but that he could perform a number of jobs that exist in significant numbers in the national economy, including a cleaner, bag loader, or box bender. (R. at 54.) In making this determination, the ALJ relied on the opinion of a Vocational Expert ("VE") who testified at Plaintiff's hearing. (R. at 128.) The ALJ then concluded that Plaintiff is not disabled.

Plaintiff has now appealed the ALJ's determination, arguing that it was not supported by substantial evidence. The Commissioner opposes Plaintiff's appeal. The Court resolves these issues below, setting out additional facts as needed.

## II. DISCUSSION

The Court has a limited ability to revisit the conclusions of an ALJ. Specifically, "review of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Although the substantial evidence standard is favorable to the Commissioner, it requires the Court to consider evidence that fairly detracts from the Commissioner's decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). But if the

Court finds substantial evidence to support the Commissioner's decision, it cannot reverse the decision simply because there is also substantial evidence that might have supported the opposite outcome. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). With these principles in mind, the Court turns to Plaintiff's arguments.

1. **Plaintiff's Severe Impairments and RFC**

Plaintiff raises a large number of arguments to challenge the ALJ's assessment of Plaintiff's severe impairments and her determination of Plaintiff's RFC; these arguments are not clearly distinguished from one another in Plaintiff's brief, and most are set out very briefly. Additionally, Plaintiff's arguments primarily ask the Court to re-weigh the evidence, which is not the Court's role when reviewing the Commissioner's decision to deny disability benefits. *Andrews*, 791 F.3d at 928. The Court will address Plaintiff's arguments in the order in which they appear in his brief.

First, Plaintiff contends that the ALJ erred in describing his ocular impairment as consisting only of "decreased vision in right eye," when in fact his vision is diminished in both eyes. (Doc. 7-1, p. 8.) Regardless of whether this is true, in determining Plaintiff's RFC, the ALJ set out vision-related limitations pertaining to both eyes—she wrote that Plaintiff has "frequent" far acuity and "occasional" near acuity, without distinguishing between his right and left eye, (R. at 49)—and therefore any error is harmless. *See Chrismarich v. Berryhill,* 888 F.3d 978, 980 (8th Cir. 2018) (setting out a claimant's RFC is separate from listing the claimant's impairments).

Second, Plaintiff argues that the ALJ failed to incorporate his various cognitive impairments resulting from his stroke—namely, his depression, anxiety, and short-term memory issues. (Doc. 7-1, p. 8.) However, the ALJ cited ample medical evidence suggesting that Plaintiff's cognitive impairments are not so severe as to prevent him from performing any work.

3

For example, the ALJ cited a state agency medical consultant who opined that Plaintiff had only "mild impairment for sustained concentration and persistence" and "moderate impairment retaining information and effectively carry[ing] out instructions that are multi-step and complex." (R. at 133.) Moreover, as the ALJ pointed out, multiple medical examinations revealed Plaintiff's cognitive abilities to be relatively intact. (*E.g.,* R. at 296 (Plaintiff exhibited normal speech and gait, and was alert during the examination); 325 (Plaintiff's memory was "globally normal").) To the extent Plaintiff has mental impairments that reduce his functional capacity, the ALJ accounted for those impairments by limiting Plaintiff to simple, repetitive work.

Third, Plaintiff argues that the ALJ failed to incorporate some of the symptoms identified in a report by Keith Warren, MD. (Doc. 7-1, p. 10.) Dr. Warren completed a medical source statement indicating that, due to Plaintiff's vision problems, his concentration would either "occasionally" or "frequently" lapse. (R. at 432.) However, there was also contrary medical evidence in the record—for example, the state agency consulting doctor who opined that Plaintiff had only a "mild" impairment in concentration and attention. (R. at 133.) The ALJ was entitled to rely on the state agency consultant's opinion, *see, e.g., Buford v. Colvin,* 824 F.3d 793, 797 (8th Cir. 2016) (opinions of state agency medical consultants are a valid basis for RFC determinations), and the ALJ's decision not to incorporate the symptoms in Dr. Warren's report is not a reason for reversing her RFC determination.

Fourth, Plaintiff contends that the ALJ should have assigned greater weight to the opinion of Jamie O'Farrell, FNP, who treated Plaintiff and opined that he could not stand or walk for more than two hours per workday, could not lift more than ten pounds, and would need to be absent from work more than three days per month. (Doc. 7-1, p. 11; *see also* R. at 398 (O'Farrell's opinion).) As the ALJ pointed out, however, multiple physical examinations revealed that

4

Plaintiff's strength and ability to stand and walk are grossly normal—including, among many others, Dr. Warren, who opined that Plaintiff can "frequently" lift up to 50 pounds and did not suggest any limitation to Plaintiff's ability to walk or stand. (R. at 430–431.) *Ponder v. Colvin*, 770 F.3d 1190, 1194 (8th Cir. 2014) ("deference" to a treating source's opinion "is not appropriate when the opinion is inconsistent with other substantial evidence").

Finally, Plaintiff takes issue with how the ALJ characterized Plaintiff's testimony on a number of points, especially Plaintiff's description of his symptoms and daily activities. (Doc. 7-1, pp. 14–18.) The Court has reviewed the Record, and finds that (1) the ALJ's characterizations are generally accurate, and (2) to the extent any discrepancies exist, they would not affect the ALJ's ultimate resolution of the case, which is amply supported by medical evidence. *Hamilton v. Astrue,* 518 F.3d 607, 613 (8th Cir. 2008) (a claimant's subjective complaints and description of his daily activities may be discounted if inconsistent with the evidence as a whole); *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (errors are harmless unless the plaintiff "provide[s] some indication that the ALJ would have decided differently if the error had not occurred").

In sum, at most, Plaintiff has identified evidence in the record that undermines the ALJ's position, but there is also evidence to support the ALJ's findings. And "[i]f, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009) (citation omitted).

2. **The VE's Testimony**

Plaintiff's next challenge to the ALJ's opinion involves the jobs the ALJ found Plaintiff could perform despite his limitations. Specifically, Plaintiff examines the three jobs the VE testified he could perform—cleaner, bag loader, and box bender—and the description of those jobs

5

in the Selected Characteristics of Occupations ("SCO") that accompanies the Dictionary of Occupational Titles. (Doc. 7-1, pp. 18–22.) Among other things, Plaintiff argues that the SCO description of the requirements of those jobs "defies logic and common sense" and that some of the jobs do not exist in sufficient numbers. (*Id*.) The Court rejects these arguments. The VE testified that Plaintiff could perform these jobs after responding to a hypothetical question accurately listing the limitations that the ALJ ultimately included in Plaintiff's RFC. (R. at 127–28.) Because the ALJ relied on a VE's response to an accurately phrased hypothetical question, substantial evidence supported the ALJ's determination that Plaintiff could perform work that exists in significant numbers in the national economy. *Milam v. Colvin*, 794 F.3d 978, 985–86 (8th Cir. 2015).

### III. CONCLUSION

For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's determination of Plaintiff's RFC. Consequently, the Commissioner's final decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATE**: March 11, 2022

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT